# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ERNEST N. FINLEY, JR., and <br> JENNIFER M. REAVES, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ALABAMA ETHICS COMMISION, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION 2:23-464-KKD-PBM <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court on the Motion to Dismiss filed by Defendants Alabama Ethics Commission and Executive Director Thomas B. Albritton and General Counsel Cynthia Raulston, in their official capacities, and partial Motion to Dismiss by Albritton and Raulston in their individual capacities, and Albritton's Motion to Dismiss Count VI with prejudice (doc. 68), Defendant Byron Butler's joinder and adoption of Parts I and II of the Motion to Dismiss (doc. 69), the Response in opposition filed by Plaintiffs Ernest N. Finley, Jr. and Jennifer M. Reaves (doc. 77) and Defendants' joint Reply (doc. 78). Upon consideration, and for the reasons set forth herein, the Motions (docs. 68, 69) are GRANTED in part and DENIED in part.

### I.  Standard of review

Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction all claims for retrospective monetary relief and retrospective declaratory relief against the AEC and against Albritton, Raulston, and Butler in their official capacities on grounds that they are part of the State and entitled to Eleventh Amendment immunity. "Immunity issues are generally construed as challenges to the subject-matter jurisdiction of a federal court and are thus

properly raised under Rule 12(b)(1), at least where, as here, the jurisdictional challenge does not implicate the underlying merits of the case." *Moore v. Baker,* No. CV 18-00311-KD-B, 2019 WL 1374674, at *3 (S.D. Ala. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1371143 (S.D. Ala. Mar. 26, 2019) (citation omitted).

"A challenge to a district court's exercise of subject matter jurisdiction may take one of two forms: a facial or factual attack." *Id*. "In a facial attack, a court simply must examine the pleading and determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, while accepting the plaintiff's allegations as true and construing them most favorably to the plaintiff." *Id*. (citation omitted). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and the court may consider matters outside the pleadings and weigh conflicting evidence." *Id*. Defendants rely upon certain sections of the Code of Alabama as evidence bearing on this Court's jurisdiction. Therefore, the Court considers Defendants' immunity argument as a factual attack under Rule 12(b)(1).

Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of standing all claims for prospective injunctive relief against them in their individual capacities. *See Nicklaw v. Citimortgage, Inc.,* 839 F.3d 998, 1001 (11th Cir. 2016) ("Article III restricts the jurisdiction of the federal courts to litigants who have standing to sue."); *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.,* 524 F.3d 1229 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (citation omitted). "A challenge to standing under Rule 12(b)(1) can be either facial or factual." *Arnold v. State Farm Fire & Cas. Co.*, 268 F. Supp. 3d 1297, 1300 (S.D. Ala. 2017). Defendants do not submit any extrinsic evidence bearing on

standing. Therefore, the Court considers Defendants' arguments as a facial attack under Rule 12(b)(1).

Defendants argue that Count VI is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, in general "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The Court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F. 3d 1060, 1066 (11th Cir. 2017).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Hi-Tech Pharm., Inc. v. HBS Int'l Corp., 910 F. 3d 1186, 1196 (11th Cir. 2018). However, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S at 678).

## II. Federal Claims against Alabama Ethics Commission and Butler, Albritton and Ralston in their Official Capacity

The AEC argues that it and its employees, Albritton, Butler and Ralston (in their official capacity), are entitled to protection from suit alleging federal claims for retrospective relief under the Eleventh Amendment. The Court agrees.

In *Manders v. Lee,* 338 F.3d 1304, 1209 (11th Cir. 2003), the Court of Appeals for the Eleventh Circuit gave four factors to apply when determining whether an entity is an "arm of the

State" in carrying out a particular function for purposes of Eleventh Amendment immunity: "(1) [H]ow state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." The Act creating the AEC clearly contemplates that the AEC is an arm of the state. *See* Ala Code Sec. 36-25-2 (Duties are "essential to the proper operation of democratic government.") And its employees are state employees. The claims against the AEC and Butler, Albritton and Raulston (in their official capacity) are that they violated Plaintiffs' various constitutional rights during the investigation and prosecution of alleged ethics violations. Investigation and prosecution are the functions of the AEC. And as far as the degree of control the State has over the entity, the legislature created the entity, the Legislature and Governor appoints its members, and the AEC is required to report yearly its actions and expenditures to the Governor and Legislature. *See* Ala. Code Sec. 36-25-3(a) & (c).

Finally, as explained in *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326 (11th Cir. 1999):

> [T]he Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit.

180 F.3d at 1336. As the AEC points out, the AEC derives its funding entirely from the State's general fund. Accordingly, any order to pay compensation would be paid from the State treasury.

Moreover, the Court also finds that Plaintiffs' federal claims against the AEC and Butler, Albritton, and Raulston (in their official capacity) are not saved by the allegation that Plaintiffs are seeking injunctive and declaratory relief, if prospective relief. Again, as explained in *Summit*:

> Under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), however, there is a long and well-recognized exception to this rule for suits against state officers seeking *prospective* equitable relief to end *continuing*

violations of federal law. *See Idaho v. Coeur d'Alene Tribe,* 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) ("We do not ... question the continuing validity of the *Ex parte Young* doctrine."). Because Appellees, citizens of Alabama, have sued Alabama state officers to obtain declaratory relief, the parties agree that this lawsuit must be dismissed unless it falls within *Ex parte Young 's* exception to the Eleventh Amendment.

*****

Thus, the availability of this doctrine turns, in the first place, on whether the plaintiff seeks retrospective or prospective relief. As the Supreme Court has explained:

> *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."

*Papasan v. Allain,* 478 U.S. 265, 277–78, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quoting *Green,* 474 U.S. at 68, 106 S.Ct. 423). Therefore, the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief. *See Green,* 474 U.S. at 68, 106 S.Ct. 423. If the prospective relief sought is the functional equivalent of money damages, however, *i.e.,* "[i]t is measured in terms of a monetary loss resulting from a past breach of a legal duty," *Ex parte Young* does not apply. *Edelman,* 415 U.S. at 669, 94 S.Ct. 1347.

Because of the important interests of federalism and state sovereignty implicated by *Ex parte Young,* however, the doctrine is not without limitations— indeed, two are relevant to this appeal. First, the *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law. *See Papasan,* 478 U.S. at 277–78, 106 S.Ct. 2932; *Green,* 474 U.S. at 68, 106 S.Ct. 423. In other words, a plaintiff may not use the doctrine to adjudicate the legality of past conduct. *See Papasan,* 478 U.S. at 277–78, 106 S.Ct. 2932. This requirement protects states by setting "a minimum threshold for abrogating a state's constitutional immunity." *Booth v. Maryland,* 112 F.3d 139, 142 (4th Cir.1997), *cert. denied,* 524 U.S. 905, 118 S.Ct. 2063, 141 L.Ed.2d 140 (1998). Second, in *Idaho v. Coeur d'Alene Tribe,* the Supreme Court recently said that the *Ex parte Young* doctrine does not apply

> where the equitable relief sought "implicates special sovereignty interests." 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). Thus, if prospective relief would invade a state's sovereignty as much as an award of money damages would, the action will be barred by the Eleventh Amendment.
>
> *****
>
> As we discussed earlier, *Ex parte Young* requires the allegation of an ongoing and continuous violation of federal law. *See Coeur d'Alene,* 521 U.S. at 281, 117 S.Ct. 2028 ("An allegation of an on-going violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction."). This requirement does not mean that the enforcement of the allegedly unconstitutional state statute actually must be in progress against the particular plaintiffs initiating suit. Rather, we agree with the district court that the ongoing and continuous requirement merely distinguishes between cases where the relief sought is prospective in nature, *i.e.,* designed to prevent injury that will occur in the future, and cases where relief is retrospective. As the Supreme Court explained in *Papasan,* "*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." 478 U.S. at 277–78, 106 S.Ct. 2932. Similarly, in *Green v. Mansour,* the Supreme Court recognized that where there "was no threat of state officials violating the repealed law in the future," the Eleventh Amendment prohibited the issuance of a declaratory judgment to adjudicate past violations of federal law. *See* 474 U.S. at 73, 106 S.Ct. 423. Thus, where there is a threat of future enforcement that may be remedied by prospective relief, the ongoing and continuous requirement has been satisfied.

180 F.3d at 1336–38. In this case, Plaintiffs have failed to state a plausible claim of ongoing and continuous violations of federal law. Nor have they stated a plausible claim of immediate threat of future injury. Accordingly, the claims for declaratory and injunctive relief are also due to be dismissed because Plaintiffs lack standing. *See Makere v. Fitzpatrick*, 2022 WL 17178753, at *5–7 (N.D. Fla. Nov. 8, 2022), *report and recommendation adopted,* 2022 WL 17178700 (N.D. Fla. Nov. 23, 2022) ("Here, Plaintiff alleges he was injured by Defendant Schreiber's past conduct. But 'past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy' for declaratory and injunctive relief claims. …. Nor has Plaintiff sufficiently alleged a real and immediate threat that he will suffer future harm at the hands of Defendant … Plaintiff, therefore, lacks standing to seek prospective

6

declaratory and injunctive relief against Defendant Schreiber in his official capacity.") (footnote omitted) (internal citations omitted). As such Counts II, III and IV are dismissed as to the AEC and as to Butler, Albritton and Raulston in their official capacity.

### III. State Law Claims against AEC and Butler, Raulston and Albritton (Official Capacity)

Defendants also assert (without elaboration) that the state law claims against AEC and Butler, Raulston and Albritton (in their official capacity) are due to be dismissed because Ala. Const. Art. 1 Sec. 14 provides "that the State of Alabama shall never be made a defendant in any court of law or equity." (doc. 68, p. 2, doc. 69). Plaintiffs respond that some suits are not barred by the State's immunity under Article 1, Section 14. Specifically, Plaintiffs state that allowed are actions: 1) brought to compel State official to perform their legal duties and ministerial acts; 2) for declaratory relief seeking construction and application of a statute; and 3) for injunctive relief against officials where it is alleged that they acted fraudulently, in bad faith, beyond their authority or in mistaken interpretation of the law. Plaintiffs then reference federal qualified immunity (which applies to federal individual capacity claims) and state agent immunity (which applies to state individual capacity claims) (doc. 77).

The Court agrees that the state law claims against AEC and Butler, Raulston and Albritton (in their official capacity) are in fact claims against the State and therefore not allowed under the Alabama Constitution. As explained in *Patterson v. Gladwin Corp.,* 835 So. 2d 137 (Ala. 2002):

> …Ala. Const.1901, § 14. Section 14 provides: "That the State of Alabama shall never be made a defendant in any court of law or equity."
>
> The wall of immunity erected by § 14 is nearly impregnable. *Sanders Lead Co. v. Levine,* 370 F. Supp. 1115, 1117 (M.D.Ala.1973); *Taylor v. Troy State Univ.,*

> 437 So.2d 472, 474 (Ala.1983); *Hutchinson v. Board of Trustees of Univ. of Alabama,* 288 Ala. 20, 24, 256 So.2d 281, 284 (1971). This immunity may not be waived. *Larkins v. Department of Mental Health & Mental Retardation,* 806 So.2d 358, 363 (Ala.2001)("The State is immune from suit, and its immunity cannot be waived by the Legislature or by any other State authority."); *Druid City Hosp. Bd. v. Epperson,* 378 So.2d 696 (Ala.1979) (same); *Opinion of the Justices No. 69,* 247 Ala. 195, 23 So.2d 505 (1945) (same); see also *Dunn Constr. Co. v. State Bd. of Adjustment,* 234 Ala. 372, 175 So. 383 (1937). "This means not only that the state itself may not be sued, but that this cannot be *indirectly* accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to *affect the financial status of the state treasury.*" *State Docks Comm'n v. Barnes,* 225 Ala. 403, 405, 143 So. 581, 582 (1932) (emphasis added); see also *Southall v. Stricos Corp.,* 275 Ala. 156, 153 So.2d 234 (1963).
>
> This Court has recognized several species of action that are not "against the State" for § 14 purposes. They include: "(1) Actions brought to compel State officials to perform their legal duties. *Department of Industrial Relations v. West Boylston Manufacturing Co.,* 253 Ala. 67, 42 So.2d 787 [(1949)]; *Metcalf v. Department of Industrial Relations,* 245 Ala. 299, 16 So.2d 787 [(1944)]. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. *Glass v. Prudential Insurance Co. of America,* 246 Ala. 579, 22 So.2d 13 [(1945)] .... (3) Actions to compel State officials to perform ministerial acts. *Curry v. Woodstock Slag Corp.,* 242 Ala. 379, 6 So.2d 479 [(1943)], and cases there cited. (4) Actions brought under the Declaratory Judgments Act, [Ala.Code 1975, § 6–6–220 et seq.], seeking construction of a statute and how it should be applied in a given situation." *Aland v. Graham,* 287 Ala. 226, 229–30, 250 So.2d 677, 679 (1971).

835 So. 2d at 142. Plaintiffs have failed to plausibly state a claim to compel State officials to perform legal or ministerial duties or for declaratory or injunctive relief as it relates to their state law claims. Accordingly, all state law claims (Counts VI-XI) are dismissed against the AEC and Butler, Raulston and Albritton in their official capacity.

## IV. Count VI against Albritton in his Individual Capacity

Count VI is brought against the AEC and Albritton, in his individual and official capacity (doc. 56, p. 37-39). Albritton, in his individual capacity, moves for dismissal of Count VI for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court finds that the

briefing on this issue is insufficient for a determination to be made. Accordingly, the motion to dismiss Count VI against Albritton in his individual capacity is DENIED.

V. **Conclusion**

Upon consideration, and for the reasons set forth herein, the federal claims raised in Counts II, III, and IV, and the state law claims raised in Counts VI-XI, against Defendants AEC, and Albritton, Raulston and Butler in their official capacity are dismissed.

The motion to dismiss Count VI as to Defendant Albritton in his individual capacity is DENIED.

Accordingly, the remaining Counts are:

Count I against Butler, Raulston and Albritton in their individual capacity.[1]

Count II against Butler, Raulston and Albritton in their individual capacity.

Count III against Butler and Raulston in their individual capacity.

Count IV against Butler, Raulston and Albritton in their individual capacity.

Count V against Butler and Raulston in their individual capacity.

Count VI against Albritton in his individual capacity.

Counts VII – XI against Butler, Raulston and Albritton in their individual capacity.

DONE and ORDERED this 9th day of February 2024.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE

---

[1] Although Albritton was not named in the request for relief, an overall reading of Count I indicates that Plaintiffs seek relief against Butler, Raulston and Albritton in their individual capacities only (doc. 66, p. 18-27).

9