IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **Ernest N. Finley Jr., and** | ) |
| **Jennifer M. Reaves** | ) |
| *Plaintiffs* | ) |
| | ) |
| v. | ) Civil Action No. 2:23-cv-00464-KKD-PBM |
| | ) |
| **Thomas Albritton, et al.** | ) |
| *Defendants* | ) |

## MOTION TO QUASH SUBPOENA

COMES NOW Brian Hall Paterson, Jr., Assistant Attorney General and Counsel for the Alabama Ethics Commission, a non-party, (hereinafter "Commission") and pursuant to Federal Rules of Civil Procedure Rule 45(d)(3)(A)(iii), respectfully requests this Honorable Court quash the subpoena issued by the plaintiff via certified mail and received on September 20, 2024, to produce the following:

> Produce the internal review and/or administrative investigation of the case agent's handling of the complaint of former Montgomery Police Department Chief Ernest Finley, Jr. including all communications directing the internal investigation, the investigative file, all statements, documents, findings, reports and drafts. For reference the investigation was conducted by Senior Special Agent Dustin C. Lansford.

1. As grounds therefore, the documents subpoenaed are based on criminal complaints and investigations conducted by the Ethics Commission in 2020 and 2021.

> (c) Except as necessary to permit the sharing of information and evidence with the Attorney General or a district attorney, a complaint filed pursuant to this chapter or the Fair Campaign Practices Act, together with any statement, evidence, or information received from the complainant, witnesses, or other persons shall be protected by and subject to the same restrictions relating to secrecy and nondisclosure of information, conversation, knowledge, or evidence of Sections 12-16-214 to 12-16-216, inclusive, except that a violation of this section shall constitute a Class C felony. Such restrictions shall apply to all investigatory activities taken by the director, the commission, or a member thereof, staff,

1

employees, or any person engaged by the commission in response to a complaint filed with the commission and to all proceedings relating thereto before the commission. Such restrictions shall also apply to all information and evidence supplied to the Attorney General or district attorney. Ala. Code § 36-25-4.

Notwithstanding any other law, regulation, or rule, no complaints shall be made available to the public or available on the Internet until the disposition of the matter. In no event may a complaint be made public or available on the Internet if the complaint is dismissed or found not to have probable cause. In the matters where the complaint is dismissed or found not to have probable cause, only the disposition of the matter may be made available to the public or available on the Internet. Nothing in this section shall be deemed a direct grant of authority for the commission to publicize or make available on the Internet any complaint or investigation if not permitted by any other law, regulation, or rule. Ala. Code § 36-25-4.1.

2. All matters relating to this action, including but not limited to the subsequent internal review and investigation, are covered under Alabama's Grand Jury Secrecy provisions and are not subject to disclosure. Improper disclosure of such constitutes a Class C felony.[1]

3. Additionally, the documents subpoenaed are protected by deliberative process privilege.[2]

4. The internal review and administrative investigation of Mr. Bryon Butler's handling of the complaints of Jennifer Reaves and Earnest Finley, including any communications directing the internal investigation, the investigative file, and any statements, documents, reports, and drafts, are all pre-decisional, as they were generated before the Ethics Commission's final decision on the matter, and they were deliberative as they were prepared to assist the Director of

---

[1] See Ala. Code § 36-25-4(c).
[2] *Muccosukee Tribe of Indians of Florida v. U.S.*, 516 F.3d 1235, 1263 (11th Cir. 2008) ("The purpose of the deliberative process privilege is to protect the quality of the agency's decision-making process. Even factual material contained in a "deliberative" document may be withheld pursuant to the privilege where disclosure of the factual material would reveal the deliberative process or where the factual material is so inextricably intertwined with the deliberative material that meaningful segregation is not possible.")

the Ethics Commission, Thomas B. Albritton, in making a final decision regarding disciplinary action against Mr. Butler.[3]

5. The report of the internal investigation also contains references to the transcript from an executive session of a hearing before and deliberations of the Ethics Commission on August 4, 2021, regarding the complaints against Ernest N. Finley, Jr. and Jennifer M. Reaves. This transcript is also protected by deliberative process privilege, attorney-client privilege, or a combination of the two as the discussions occurred before the Commission made a determination in the Finley and Reaves complaints and were between the Commission and its General Counsel at the time, Cynthia Raulston, in an executive session where the commissioners were seeking assistance in formulating their position regarding the allegations against Reaves and Finley.[4]

6. The deliberative process privilege and/or attorney client privilege that applies to the above transcript has never been waived by the Commission, and the Commission has not had an opportunity to assert this privilege until now.

7. The Commission is aware that plaintiffs possess the transcript of the Commission's deliberations on August 4, 2021. However, this transcript was not voluntarily or inadvertently disclosed by the Commission. Rather, the transcript was obtained directly from the court reporter without review by the Commission or its counsel prior to disclosure and without a waiver of any privilege. Unbeknownst to the Commission, the entirety of the transcript of the Commission's deliberations, a memorandum drafted by Assistant Attorney General James Houts based on the

---

[3] *United States Fish and Wildlife Service v. Sierra Club, Inc.* 592 U.S. 261, 268 (2021) ("The privilege therefore distinguishes between predecisional, deliberative documents, which are exempt from disclosure, and documents reflecting a final agency decision and the reasons supporting it, which are not. See *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 186, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975). Documents are "predecisional" if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position. See *Sears*, 421 U.S. at 150–152, 95 S.Ct. 1504; *Grumman*, 421 U.S. at 184–186, 190, 95 S.Ct. 1491."
[4] The Ethics Commission was unaware that the executive session was being recorded at the time of the hearing.

3

Ethics' investigative files in Case Nos. 2020-0370 and 2020-0371, including exhibits, and a letter from Houts emphasizing the application of the Grand Jury Secrecy protections to the memo and its exhibits was produced to counsel for Reaves and Finley in the Ethics investigation, Barbara Wells and Peck Fox, respectively. Reaves and Finley have used this privileged and protected information as the basis of their complaints and quoted directly from Houts' memorandum without obtaining a waiver of the privileged information or a release of the Grand Jury restrictions.

    8. A letter sent by the Ethics Commission, including Director Albritton and the individual members of the Commission, to Steve Marshall dated April 6, 2022, is the closest document that could be considered a "finding" regarding the internal investigation. While this document is not privileged by either deliberative process privilege or attorney client privilege, it is comprised, almost entirely, of material that is protected by Grand Jury Secrecy as it contains portions of interview transcripts with multiple witnesses and makes several other references to evidence from the criminal investigations conducted by the Ethics Commission into the complaints against Mr. Finley and Ms. Reaves.

    9. Federal Rules of Civil Procedure Rule 45(d)(3)(A)(iii) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: requires disclosure of privileged or other protected matter, if no exception or waiver applies."

    The above grounds considered, the Ethics Commission respectfully requests that this Honorable Court quash the subpoena in this matter.

    Respectfully submitted this 4th day of October, 2024.

*/s/ Brian Hall Paterson, Jr.*
Brian Hall Paterson, Jr.
Assistant Attorney General
Alabama Ethics Commission

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion was served on the following participant electronically through the court's ECF System at the e-mail address registered with the court:

Alicia K. Haynes, akhaynes@haynes-haynes.com
Attorney for the Plaintiff

*/s/ Brian Hall Paterson, Jr.*
Brian Hall Paterson, Jr.
Assistant Attorney General
Alabama Ethics Commission